IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **F. LOUIS EMBUSCADO,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:25-CV-1094-L-BK** |
| | § | |
| **GRACE LYN HARVEY,** | § | |
| | § | |
| Defendant. | § | |

**<u>ORDER</u>**

On June 12, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 6) was entered, recommending that the court grant Plaintiff's Motion to Remand (Doc. 5) this action to state court for lack of subject matter jurisdiction.  In this regard, the magistrate judge determined that, even setting aside the procedural deficiencies in pro se Defendant Grace Lyn Harvey's removal of this action and construing the Notice of Removal with all possible deference extended to pro se litigants: (1) the claims alleged in the state court action by Plaintiff do not support jurisdiction based on a federal question; and (2) diversity is clearly lacking as the state court pleadings reflect that both Plaintiff and Defendant are citizens of Texas.  The magistrate judge's determination regarding diversity jurisdiction, or the lack thereof, was made *sua sponte*, as Defendant's Notice of Removal does not allege diversity as a basis for jurisdiction, and Plaintiff did not move to remand on this ground.

Defendant filed objections to the Report and correctly notes that procedural defects are not jurisdictional, but the magistrate judge also concluded that the Motion to Remand should be granted for jurisdictional reasons.  To this, Defendant objects, contending that the magistrate judge erred in determining that federal question jurisdiction is lacking because she has an "affirmative

**Order – Page 1**

right to removal under 28 U.S.C. § 1443(1)-(2) for civil rights protections and constitutional claims." Doc. 7 at 2.  As the magistrate judge explained and correctly noted, however, "[i]t is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." Report at 4 (quoting *Metro Ford Truck Sales, Inc. v. Ford Motor Co*., 145 F.3d 320, 326-27 (5th Cir. 1998)).

Defendant next objects to the magistrate judge's lack of diversity determination and argues that she resolved disputed facts regarding domicile and citizenship, which must be determined after jurisdictional discovery or a hearing.  For support, she cites *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996), for the conclusion that a district court may not presume citizenship based solely on residency and, instead, must conduct a full inquiry into domicile.  In addition, Defendant cites *Robertson v. Cease*, 97 U.S. 646, 648 (1878), for the conclusion that citizenship must be pleaded and proved, not assumed.

As the removing party, however, Defendant had the burden of affirmatively alleging facts in her Notice of Removal establishing the existence of diversity at the time of removal.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it.")) (footnote and citation omitted).  "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference."  *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted).  Moreover, the failure to allege adequately the basis of diversity mandates remand of an action.  *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).  Here, Defendant's Notice or Removal contains no factual allegations that would support the exercise of jurisdiction based on diversity.

Defendant is correct that the residency allegations in Plaintiff's Original Petition are insufficient without more to establish diversity because an individual's citizenship is determined based on his or her domicile. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) ("For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient.") (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citation omitted). Thus, while citizenship is synonymous with domicile, it is not synonymous with residency because individuals can have more than one residence. *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("**[C]itizenship and residence, *as often declared by this court*, are not synonymous terms**. Citizenship requires not only '[r]esidence in fact' but also 'the purpose to make the place of residence one's home.'") (emphasis added and citation omitted). Again, however, the inadequacy of the jurisdictional allegations in Plaintiff's Original Petition is of no moment because Defendant as the removing party, not Plaintiff, has the burden of establishing the existence of diversity.

In not filing a response to Plaintiff's Motion to Remand, Defendant waived any legal arguments he may have had in this regard, and, in objecting to the Report, he has not come forward with any evidence or factual allegations to show that the parties are diverse. The party seeking to establish jurisdiction based on diversity "must offer more than conclusory statements" to establish citizenship.[*] *Preston*, 485 F.3d at 803. Moreover, alleging sufficient facts to establish a person's citizenship is not a complex undertaking and usually involves information that is readily obtainable

---

[*] In *Coury v. Prot*, the Fifth Circuit explained that, in determining a person's domicile, courts "must address a variety of factors" with "[n]o single factor [being] determinative." 85 F.3d 244, 251 (5th Cir. 1996). These "factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id.* (citations omitted).

with little effort.  *See Coury*, 85 F.3d at 251.  For this reason, the court rarely allows litigants to conduct jurisdictional discovery for this purpose, particularly when, as here, no showing of diligence or effort beforehand in determining a person's citizenship has been demonstrated. Accordingly, for these and the other reasons explained, the court **overrules** Plaintiff's objections.

Further, having considered the Notice of Removal, file, record in this case, state court pleadings, and Report, the court determines that the findings and conclusions of the magistrate judge are correct and **accepted** as those of the court, ***except to the extent that the court disagrees with the magistrate judge's conclusion that the residency allegations in Plaintiff's Original Petition are sufficient to show that Plaintiff and Defendant are both citizens of Texas***.  Aside from this, the court agrees with the magistrate judge that Plaintiff's Motion to Remand should be granted and is hereby **granted** because Defendant has failed to satisfy her burden of establishing the existence of subject matter jurisdiction based on a federal question or diversity.

In addition, the court determines that remand is warranted because the action was not timely removed.  As Plaintiff's Motion to Remand correctly notes, 28 U.S.C. § 1446(b) requires a notice of removal to be filed "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading," and there is no applicable exception under § 1446(b)(3) or § 1446(c)(1) that would restart or extend this deadline here because it has been approximately three years since the Original Petition was filed in the underlying action, more than two years has passed since a final judgment was entered, and no newly served pleading, motion, or order has been filed in the state court action that would have revived Defendant's 30-day removal deadline.  Moreover, as indicated, Defendant waived any argument to the contrary by not responding to Plaintiff's Motion to Remand.  Accordingly, although this ground and argument by Plaintiff was not addressed by

the magistrate judge, it constitutes a separate, independent procedural ground warranting the remand of this action to state court.

While the Report does not address Plaintiff's request for attorney's fees, the court determines that the request should be **denied**. An award of attorney's fees under § 1447(c) is within the court's discretion. *See Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993). Given Defendant's pro se status, however, the court cannot say that her removal of this action based on her understanding of the law was objectively unreasonable. The court, therefore, declines to award Plaintiff's request for attorney's fees. *See Valdes v. Wal-Mart Stores, Inc*., 199 F.3d 290, 293 (5th Cir.2000) (explaining that "the question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper.").

Accordingly, for the reasons explained, the findings and conclusions of the magistrate judge are **accepted as supplemented and modified**, Plaintiff's Motion to Remand (Doc. 5) is **granted** to the extent noted, and this action is **remanded** to the 116th Judicial District Court, Dallas County, Texas, from which it was removed. The clerk of court **shall** effect the remand in accordance with the usual procedure.

It is so ordered this 25th day of November, 2025.

Sam A. Lindsay
United States District Judge